Filed 11/14/24  P. v. Chiodo CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B333582 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA082453) |
| v. | |
| RICHARD CHIODO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Emily J. Cole, Judge.  Affirmed.

Evan D. Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Richard Chiodo appeals from a judgment of conviction by jury of two counts of felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)),[1] and one count of unlawful possession of ammunition (§ 30305, subd. (a)(1)). Defendant was charged with these offenses after law enforcement searched his recreational vehicle during a narcotics investigation. After reviewing the record, defendant's appointed counsel filed an opening brief asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). By supplemental brief, defendant contends his right to possess firearms is protected by the Second Amendment of the United States Constitution. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Detective Russell Williams testified he and other officers with the Los Angeles County Sheriff's Department executed a search warrant in December 2021 to investigate suspected marijuana cultivation on defendant's property. During their search, officers located defendant inside a recreational vehicle on the property. The officers detained defendant and searched the recreational vehicle, where they found two firearms (a rifle and pistol) and a box of ammunition. Defendant told the officers both weapons and the ammunition belonged to a friend.

Defendant testified he had no knowledge of or involvement in marijuana cultivation on the property. Defendant also testified that his wife brought the firearms and ammunition to

---

[1]     Subsequent references to statutes are to the Penal Code.

[2]     We limit our factual background to facts relevant to defendant's claim and to provide context.

2

his recreational vehicle the night before the raid.  Defendant's wife asked him to hold onto the firearms and ammunition for a friend.  Defendant knew he was prohibited from owning guns.

By information, defendant was charged with two counts of felon in possession of a firearm (§ 29800, subd. (a)(1); counts 1-2), one count of unlawful possession of ammunition (§ 30305, subd. (a)(1); count 3), and one count of cultivating more than six cannabis plants (Health & Saf. Code, § 11358, subd. (c); count 4).  On all counts, the information alleged defendant was previously convicted of felony vandalism (§ 594) in 2013.  At trial, the parties stipulated defendant "has suffered a prior felony conviction from 2013."  A jury convicted defendant on the firearm and ammunition charges and acquitted him of the marijuana cultivation charge.

The court sentenced defendant to probation for two years on all three counts.  It then suspended the imposition of sentence.  Defendant filed a timely notice of appeal.

## DISCUSSION

After reviewing the record, defendant's court-appointed appellate counsel filed an opening brief under *Wende* requesting an independent examination of the record.  On August 21, 2024, defendant filed a handwritten supplemental brief raising a single issue.  He argued the trial proceedings "ignored" his rights to possess firearms under the Second Amendment of the United States.  In support, defendant notes: (1) he was never convicted of a felony that was violent; (2) he served in the military and is responsible enough to know when to use firearms; and (3) he lives in a rural area, has been attacked by wild dogs, and is aware there are also coyotes and mountain lions nearby.

Defendant failed to support this argument with legal authority or citations to the appellate record.  He has thus forfeited the argument on appeal.  (See *People v. Hovarter* (2008) 44 Cal.4th 983, 1029; *People v. Stanley* (1995) 10 Cal.4th 764, 793; see also Cal. Rules of Court, rule 8.204(a)(1)(B)-(a)(1)(C) [briefs must be supported by law and citations to the record].)

We also reject defendant's contention on the merits.  "All constitutional rights have limits." (*People v. Odell* (2023) 92 Cal.App.5th 307, 316 (*Odell*).)  "Like the First Amendment, the Second Amendment has boundaries.  [Citation.]  The Second Amendment right is 'not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose.'" (*Ibid.*, quoting *New York State Rifle & Pistol Association, Inc. v. Bruen* (2022) 597 U.S. 1, 21 (*Bruen*).)

The United States Supreme Court has recognized the boundaries of the Second Amendment exclude felons from the right to possess firearms.  (*District of Columbia v. Heller* (2008) 554 U.S. 570, 635 (*Heller*); accord, *McDonald v. City of Chicago* (2010) 561 U.S. 742, 786.)  The high court has upheld this prohibition because the right conferred by the Second Amendment is "the right of *law-abiding*, responsible citizens to use arms in defense of hearth and home." (*Heller*, *supra*, at p. 635.)  Convicted felons, by definition, are not law-abiding, and are not included among the class of people afforded rights under the Second Amendment.  (*People v. Alexander* (2023) 91 Cal.App.5th 469, 478 (*Alexander*); accord, *Odell*, *supra*, 92 Cal.App.5th at p. 317.)

Defendant does not dispute he was in possession of two firearms and ammunition despite suffering a prior felony conviction.  As an indisputably convicted felon, defendant was not

a law-abiding citizen to whom the right of gun possession under the Second Amendment attached. (*Heller*, *supra*, 554 U.S. at p. 635; *Alexander*, *supra*, 91 Cal.App.5th at p. 478.)

We have examined the entire record and are satisfied that no arguable issues exist, and that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278.)

## DISPOSITION

The judgment is affirmed.

MORI, J.

We concur:

CURREY, P. J.

**SIGGINS, J.

---

**     Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.